MATTER OF GHAZAL

In DEPORTATION Proceedings

A-10542984

*Decided by Board August 1, 1963*

An alien admitted to the United States upon presentation of a nonquota immi-
grant visa procured by fraud is statutorily eligible for adjustment of status
under section 245, Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
at time of entry under section 212(a)(20), immigrant, no visa.

This case comes forward on appeal from an order entered by the
special inquiry officer on June 3, 1963, denying the respondent's appli-
cation requesting that his immigrant status be adjusted to that of a
permanent resident as provided in section 245 of the Immigration and
Nationality Act and directing that he be deported from the United
States to Syria on the charge contained in the order to show cause.
The respondent, a 43-year-old married male, native and citizen of
Syria, first entered the United States at El Paso, Texas on November
29, 1955, at which time he had in his possession and presented for
inspection nonquota immigrant visa issued in the name of Aldo Lutfi
at the American Consulate in Juarez, Mexico. The aforementioned
nonquota visa was issued to the respondent on the basis of his claimed
birth in Brazil, South America. The respondent last entered the
United States at Miami, Florida on February 22, 1958, at which time
he had in his possession a reentry permit issued in the name of Aldo
Lutfi on March 16, 1956. The record clearly reflects he is a native and
citizen of Syria and his true and correct name is Abdul Wahab Ghazal.

Deportation proceedings were instituted against the respondent on
June 9, 1960. Upon conclusion of the hearing held in deportation
proceedings, the special inquiry officer on July 19, 1960 entered an
order directing that the respondent be deported from the United States
in the manner provided by law on the charge set forth in the order
to show cause. During the deportation hearing held at Miami,

Florida, in July 1960, the respondent designated Brazil as the country to which he wanted to be deported. A further recital of the remaining facts in this case is not deemed necessary inasmuch as they have been fully and adequately discussed by the special inquiry officer in his decisions of July 19, 1960 and June 3, 1963.

The only question for us to resolve in this proceeding is whether the respondent is eligible to have his immigration status adjusted under section 245 of the Immigration and Nationality Act. The special inquiry officer has concluded that he is ineligible to be accorded permanent resident status under section 245 of the Act and his reasons therefor are set forth in detail in his decision of June 3, 1963. There is no legal basis for the special inquiry officer's conclusion that the respondent is ineligible to be accorded permanent resident status under section 245 of the Immigration and Nationality Act. Section 245 of the Immigration and Nationality Act as amended provides that "the status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if * * *."

The facts in this case are readily distinguishable from those in *Matter of Da Silva*, Int. Dec. No. 1268, decided by this Board on February 21, 1963. In the cited case the alien had been lawfully admitted to the United States for permanent residence and he thereafter became deportable because of convictions of crimes involving moral turpitude after entry. In *matter of Da Silva, supra,* we held that an alien lawfully admitted for permanent residence, who subsequently became deportable because of convictions of crimes involving moral turpitude, is statutorily ineligible for adjustment of status under section 245 of the Immigration and Nationality Act, as amended. In the instant case the nonquota visa presented by the respondent at the time of his initial admission to the United States was procured by fraud. It was issued in a name other than his own and upon his falsely claiming that he was born in Brazil. Hence, the respondent was never lawfully admitted to the United States for permanent residence because the visa with which he effected entry was procured by fraud and he was not entitled to the nonquota status specified in his immigrant visa. As previously noted, section 245 of the Act as amended provides that the status of any alien, other than an alien crewman, who was inspected and admitted into the United States may be adjusted by the Attorney General, * * *. The respondent in the instant proceeding was inspected and admitted into the United States in November 1955 and at the time of his last admission on February 22, 1958. Hence, we conclude he is statutorily eligible to have his

immigrant status adjusted under section 245 of the Immigration and Nationality Act.

Upon full consideration of all the evidence of record and counsel's representations in oral argument, we have concluded to remand the case to the special inquiry officer in order that he may reconsider or consider anew the respondent's application for adjustment of status under section 245 of the Act, Accordingly we will so order.

**ORDER:** It is ordered that the appeal be sustained.

*It is further ordered* that the case be remanded to the special inquiry officer for further proceedings in accordance with the provisions of the foregoing opinion.