MATTER OF KRAUS PERIODICALS, INC.

In Visa Petition Proceedings

NYC-N-16043

*Decided by Regional Commissioner November 30, 1964*

Petition, by a jobber of periodicals of scientific and scholarly nature in various languages, to accord beneficiary classification under section 101(a) (15) (H) (iii), Immigration and Nationality Act, as an industrial trainee for a six-month period during which he will receive a salary of $100 per week, is denied since the petition fails to set forth a training program, the specific position, duties, or skills in which beneficiary is to be trained, and the substantial salary beneficiary will receive suggests that productive employment, which may displace a United States citizen, will be involved.

. This matter comes before the Regional Commissioner as an appeal from the decision of the District Director denying the petitioner's request for classification of the beneficiary as a nonimmigrant trainee under section 101(a) (15) (H) (iii) of the Immigration and Nationality Act. The petitioner, a jobber of periodicals of scientific and scholarly nature in various languages, desires to accord the beneficiary training for a period of six months and will pay him a salary of $100 per week plus time and one half for overtime.

Section 214.2(h) (2) (iii), Title 8 of the Code of Federal Regulations, provides that such trainee status cannot be granted unless the required petition is accompanied by a statement describing the type of training to be given and the position or duties for which the beneficiary is to be trained. It further provides that such trainee may not engage in productive employment if such employment will displace a United States resident.

It is believed that this petition, even when supplemented by the brief submitted on appeal, fails to meet the requirement set forth above. No training program is set forth; the specific skills in which the beneficiary is to be trained are not described; the specific position or duties which the beneficiary will perform upon conclusion of the

program is not designated; and the substantial salary which he will receive suggests that productive employment, which may displace a United States citizen, will be involved. It is concluded that the beneficiary is not properly classifiable as a nonimmigrant trainee and the appeal will therefore be dismissed.

*It is ordered* that the appeal be and the same is hereby dismissed.