MATTER OF MIYAZAKI TRAVEL AGENCY, INC.

In VISA PETITION Proceedings

NYC-N-14071

*Decided by Regional Commissioner March 30, 1964*

Since the beneficiary has been employed for the preceding 3 or 4 years as a travel agent, he is ineligible for nonimmigrant classification under section 101(a) (15)(H)(iii), Immigration and Nationality Act, as an industrial trainee in that field of business activity.

This matter is before the Regional Commissioner on appeal from the decision of the District Director at New York, New York who has denied this petition on the grounds that the beneficiary is to be employed in the regular operation of the petitioner's business; that the need for his services is continuing in nature; that the petitioner has no formal training program and that since the beneficiary has been employed abroad during the past three or four years as a travel agent, he cannot be considered an industrial trainee in this field within the meaning of section 101(a)(15)(H) of the Immigration and Nationality Act.

The petitioner is a travel agency with offices in the Prince George Hotel in New York, New York. It has indicated in the documents supporting this petition that it has annual gross sales of more than $800,000 and that it desires to give training as a travel agent to the beneficiary so as to make him ready for the 1964 World's Fair in New York as a travel consultant to thousands of prospective visitors to New York from Japan. The supporting documents indicate that following the period of training the beneficiary will be assigned to the petitioner's Tokyo branch office where he will be handling Japanese traffic, both individuals and groups, destined to the United States and particularly to New York City. The petitioner has also submitted a copy of a proposed schedule of training dated October 28, 1963 for a period of fifty weeks which is broken up into five periods of ten weeks each.

Mr. Toshi Miyazaki, president of the Miyazaki Travel Agency, Inc., was interviewed by a Service representative in connection with his

petition and disclosed that the beneficiary has been employed by the Mitsui Airline Travel Service in Japan "for the past three or four years as a travel agent"; "that the Mitsui Company was a very large organization with offices in Tokyo, New York and in various other places in the world"; "that during the three or four years of employment with this company that the beneficiary did gain considerable valuable experience as a travel agent"; "that the beneficiary would be employed full-time in the agency in the functions of issuing travel tickets, planning various flight routes, train routes or ship routes".

The petitioner's appeal indicates that there is a continuing need for trained personnel in the travel service; that there is a need for it to expand its staff; that it is having difficulty in procuring satisfactory help in spite of its efforts to engage Japanese-speaking help through newspaper advertising in New York, Chicago, Salt Lake City, Denver, and other cities in California; and that he has in the past brought temporary help to the United States from Japan.

In establishing eligibility to be issued a visa as an industrial trainee, it must be shown that the beneficiary desires admission to the United States as a result of an invitation for the purpose of receiving instruction or training. An industrial trainee shall not be permitted to engage in productive employment if such employment will displace a United States resident. It is contemplated that an industrial trainee will not be employed in a position or work which is in the normal operation of a business and for which citizens and resident aliens are regularly employed.

From a review of the evidence available, it is concluded that the beneficiary has been employed as a travel agent for the past three or four years and cannot be found to now be a trainee in this field of business activity. The training program accompanying this petition is dated October 28, 1963 and provides for fifty weeks of training in a stated list of scheduled subjects. Had the beneficiary been in the United States on that date and had he immediately started the training program at that time, it would have taken the entire duration of the 1964 World's Fair to have completed the scheduled training program. For this reason, it is evident that the training program prepared by the petitioner was unrealistic and could have had no reasonable relation to a desire on the part of the petitioner to train this beneficiary so that he would be "ready for the 1964 World's Fair or work as travel consultant to thousands of prospective visitors to New York from Japan". In view of the above, this petition must be denied and this appeal dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.