MATTER OF SASANO

In Visa Petition Proceedings

SFR-N-4593

*Decided by Regional Commissioner October 22, 1965*

Petition by the owner and operator of a fruit orchard to accord beneficiary nonimmigrant classification under section 101(a)(15)(H)(iii), Immigration and Nationality Act, as an industrial trainee in American methods of agriculture applicable to fruit raising, is denied since the proposed training program for beneficiary, a graduate of an agricultural college in Japan with 12 years' subsequent experience specializing in crops similar to those of petitioner, would consist principally of practical, on-the-job training. In addition, since beneficiary would be employed at least 8 hours per day, 6 days per week the entire year, and during a considerable portion of the year would be petitioner's only employee, it is concluded he would be involved in full-time productive employment and that any training received would be incidental thereto.

**Discussion:** This case is before the Regional Commissioner on appeal from the District Director's decision denying the petition on the following grounds:

It has been established that you have 60 acres of land under cultivation, which includes 30 acres of pears, 20 acres of plums, and a combination of 10 acres of vegetables, peaches, persimmons and cherries, and that you employ only 5 to 6 workers in the peak of the season. During a considerable portion of the year, the trainee will be your only employee, and for that reason it is concluded that the beneficiary will displace a United States citizen or resident alien, who would ordinarily be required to do the work that the beneficiary will be engaged in. Further, you have failed to establish that there will be any training offered the beneficiary other than full-time on-the-job training.

The petitioner is owner and operator of a 60 acre fruit orchard. He proposes to train the beneficiary in American methods of agriculture as applied to fruit raising. He has submitted an outline of the proposed training which covers orchard management, planting and cultivation, packaging and shipping, and harvesting. He estimates the period of training required as 36 months.

363

The beneficiary is a 32-year-old native and citizen of Japan presently residing in Japan. Information has been submitted that he is a graduate of the Kagoshima Miyanojo Agriculture State College and has subsequently been engaged in farming in Japan for 12 years. He has submitted an affidavit attesting to ownership of 5.5 acres of land and that 3 acres of that land are devoted to orchards.

When interviewed by a representative of this Service, the petitioner stated that all of the training offered would be by practical on-the-job training supplemented by unscheduled trips to the University of California to attend lectures and by visits to county fairs.

In his brief on appeal, petitioner stresses his qualifications as a trainer and draws attention to the fact this Service previously approved his petition for an agricultural trainee who remained in his employ for a period of three years.

The petitioner has established the beneficiary is a graduate of an agricultural college in Japan and that he has subsequently had 12 years' experience as a farmer specializing in crops similar to those of petitioner.

It is conceded that American agricultural methods may differ from those of Japan to some extent. It is obvious that a peach, pear, plum, or citrus fruit grows much the same in either locale. It is reasonable to assume that only the method of raising differs, and the adaption of that method to the certain locale. This can be taught without resorting to the day to day chores involved in cultivation, pruning, spraying, and irrigation. The need to train a person who is a graduate of an agricultural college and who has 12 years' subsequent experience as a farmer in such a manner is unrealistic.

Petitioner has stated the beneficiary will be employed eight hours a day in the winter and ten hours a day in the summer six days a week at the wage of $1.25 per hour yet maintains no domestic labor will be replaced. No explanation concerning replacement of the productive labor involved is given.

The entire record, including representations made on appeal, has been carefully considered and it is concluded the beneficiary would be involved in full-time productive employment and that any training received would be incidental thereto. The decision of the District Director was proper, and no evidence has been submitted that would warrant disturbing that decision. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.