MATTER OF GLENCOE PRESS

In Visa Petition Proceedings

LOS-N-5128

*Decided by Regional Commissioner June 22, 1966*

Since the provisions of section 101(a) (15) (H) (iii) of the Immigration and Nationality Act do not contemplate the recruitment and training of aliens for the ultimate staffing of United States firms in their domestic operations but are designed to accomplish the training of alien nonimmigrants in order that the benefits of such training can be utilized in a foreign country, petition by a book publishing company to accord beneficiary nonimmigrant classification under section 101(a) (15) (H) (iii) of the Act as an industrial trainee in the procurement of manuscripts for textbooks addressed to junior colleges, is denied because of the indefinite ultimate employment of beneficiary who desires to remain permanently in the United States and whose services, upon termination of his training, may be utilized in this country by the petitioning firm if he lives up to apparent qualifications.

Discussion: This is an appeal from the District Director's decision denying the petition because:

(1) The training proposed is basically on-the-job training to familiarize the beneficiary with the individual operations of the petitioning company and is no more than the training that would be expected concerning any new employee.

(2) The beneficiary was "budgeted out" of his former employment with the parent company in England and there is no indication there would be employment in that country with either the petitioning company or the parent company.

(3) The statute involved contemplates training an individual so that he may utilize his training in a foreign country and does not contemplate enhancing his experience by performance of day to day tasks involved in the operation of the petitioner's business anticipating his permanent employment.

(4) In view of the beneficiary's expressed desire to remain permanently in the United States and to continue his employment indefinitely with the petitioner, it cannot be determined that he is a bona fide nonimmigrant.

The petitioner is a division of the Macmillan Company, a well-established firm engaged in the publication of books. They desire to train the beneficiary in the procurement of manuscripts for textbooks addressed to junior colleges. They estimate the required period of training as 12 months. The petitioner is presently training four other persons in the same field as that contemplated for the beneficiary. They have stated in support of the petition that upon completion of the training they will, if the beneficiary lives up to his apparent qualifications, either request him to apply for a permanent visa or have him represent them editorially in Europe. In reply to a direct question regarding their plans for the beneficiary they stated, "We would only sponsor Mr. Maxwell's application to remain in the United States as a resident alien, if that is in fact our final decision, if his extensive knowledge of the British book market made him uniquely valuable in the performance of the work within the United States."

The beneficiary is a 48-year-old native and citizen of Great Britain presently in the United States as a temporary visitor for pleasure. His wife and two children are in England. He was formerly an engineer but for the past eight years has been employed in the editing field. He was last employed by the Macmillan Company in England in December 1965. In an interview with a representative of this Service, the beneficiary stated he would like to remain in the United States permanently if a position with the petitioner became available to him.

In a statement in support of appeal, the petitioner has reiterated their desire to be able to freely choose their course of action with regard to the beneficiary only after the proposed training is completed and they are able to more accurately evaluate the beneficiary.

Section 101(a)(15)(H)(iii) defines a nonimmigrant alien trainee as "—an alien having a residence in a foreign country which he has no intention of abandoning—who is coming temporarily to the United States as an industrial trainee." Section 214(c) augmented by 8 CFR 214.2(h)(2)(iii) sets forth the method of petitioning for such a trainee, the information that must be supplied, and the restrictions concerning productive employment.

A careful review of the entire record reveals the petitioner has an established training program in which five persons, including the beneficiary, are engaged and that such training is not available outside of the United States. The petitioner has stated the productive labor involved will not result in the displacement of a resident worker.

The regulation requires that "There shall be attached to each petition for an industrial trainee a statement describing the type of training to be given, the position or duties for which the beneficiary is to be trained, and whether such training can be obtained outside of the United States." The petitioner has furnished the required information but has qualified the statement regarding the position or duties for which the beneficiary is to be trained by stating they will ask the beneficiary to remain in the United States if the conditions previously referred to are met. The beneficiary has evidenced his desire to remain in the United States if the petitioner provides suitable employment. In other words, the petitioner desires to employ the beneficiary for a probationary period of approximately one year and upon completion of this probationary and training period reach a decision concerning the beneficiary's value and usefulness to the firm. While training, the beneficiary will be employed in a position identical to that held by four other persons. These positions cannot be held as other than an integral portion of the functions of the petitioning firm. The fact that the employer places conditions of time and performance upon the beneficiary's employment does not change the permanency of the position itself. The statute involved here was designed to accomplish the training of alien nonimmigrants in order that they could utilize the benefits of that training in a foreign country. The intent of Congress, as expressed in the definition of a nonimmigrant trainee in section 101(a)(15)(H)(iii) is clear. They did not contemplate use of the statute to recruit and train aliens for the ultimate staffing of United States firms in their domestic operations.

In this case, the petitioner is undecided concerning the ultimate employment of the beneficiary. He may be utilized in England by the petitioning firm or, if found qualified, he will be kept in the United States. There is also the possibility he will not be employed by the petitioning firm in any capacity. This proposed procedure, if allowed, would result in the importation of an alien on a trial basis subject to acceptance or rejection by the petitioning firm and the alien's status in the United States controlled by such acceptance or rejection. This is not the purpose of the law.

After careful consideration of the entire record, it is concluded the District Director's decision was proper. No evidence has been submitted that warrants disturbing that decision. It is noted the beneficiary is a native of a country for which visa numbers are available and the petitioner is in a position to offer the necessary employment.

Continuation of the beneficiary in his present employment requires that he become an immigrant. The appeal will be dismissed without prejudice to an application, by the beneficiary, for change of status to that of a permanent resident alien.

ORDER: It is ordered that the appeal be, and the same is hereby dismissed.