MATTER OF INTERNATIONAL TRANSPORTATION CORPORATION

In Visa Petition Proceedings

NYC-N-21862

*Decided by Regional Commissioner August 7, 1967*

Visa petition is granted to accord alien beneficiary industrial trainee classification under section 101(a)(15)(H)(iii) of the Immigration and Nationality Act as an international freight traffic clerk where it is established that a planned training program exists; that such training is not available outside the United States; that any production by the alien will be more than offset by the time spent by employees in the training of the alien; that such production will be incidental to the training received; and, further, that he will not be replacing a United States worker.

IN BEHALF OF PETITIONER: John L. Murff, Esquire
680 Fifth Avenue
New York, New York 10019
(Oral argument)

This matter is before the Regional Commissioner on appeal from the decision of the District Director who denied the petition on the basis that the offer to the beneficiary is essentially one of productive employment which ordinarily could be performed by a United States worker and that it is not an offer of training as contemplated by section 101(a)(15)(H)(iii) of the Act.

The petitioning organization is engaged in the international freight forwarding business. It desires to accord training on its New York operations in connection with the directing and forwarding of goods from factories in the United States to Western Europe via New York. Modes of shipment vary from rail and truck to vessel and air carriers.

The beneficiary is a 22-year-old Swiss citizen presently residing in Zurich, Switzerland and employed as a traffic clerk with a Swiss firm closely associated with the petitioning firm which acts as the receiver for freight forwarded to Switzerland by the petitioner. The principal amount of goods shipped by the petitioner is to Switzerland and is handled by the firm with whom the beneficiary is employed. Upon the completion of the contemplated training he plans to return to his present employer in Zurich, Switzerland to occupy the position of

Junior Executive where he will engage in the handling and forwarding of international freight.

The petitioner has stated that the training will be mostly on-the-job training and that there is only one other trainee plus the beneficiary participating in the training program which encompasses all phases of their business. The estimated two years of training were broken down as follows:

FIRST YEAR: Direction in handling shipments of goods from factories in the USA to New York City including inland transportation and tariffs for truck, rail and air, and documentation in connection therewith.

FIRST PART OF SECOND YEAR: Problems in directing American cargo on board ships within the framework of foreign freight forwarders functions, including visits to New York piers in connection with moving shipments stationed in the harbor; meeting steamship line rates, bills of lading, ocean freight rate tariffs; proper stowage of cargo on board vessels; knowledge of label cargo, dock receipts, export declarations, knowledge of how to supervise export manager's office; and correspondence to inland carriers, steamship lines and truckers.

LAST PART OF SECOND YEAR: Same technical problems as above in connection with air freight shipping.

On appeal, and in oral argument in connection therewith, the petitioner stated that 25 percent of the total time would involve formal training and 75 percent thereof would be on-the-job training; that this program has been instituted because of considerable difficulty with the shipments going to Switzerland and after sending key employees to Switzerland for a period of six to twelve months to try to teach these methods in Switzerland without success, it was decided to bring those key employees of their affiliates to the United States for such training; that the beneficiary will not replace a domestic worker; that any productive gain from the beneficiary will be incidental and will be more than offset by the time spent by employees in the training of the beneficiary; that the overall purpose of such training is to improve the affiliate's operation in Switzerland so that the United States firm can offer better service for their shipments originating here to their points of destination in Switzerland and Western Europe and that an understanding of the United States operation is essential thereto.

On the basis of the information submitted by the petitioner, including the resume of the training to be accorded to the beneficiary, we find that the training program is sufficient to minimally demonstrate that it is, in fact, a planned general training program and that the same is reasonably realistic for the position for which the beneficiary is being trained. It is also understandable that a more effective job can be done by the affiliate firm in Switzerland when their key personnel have a knowledge of the petitioner's operation within the United States and the movement of the cargo to Switzerland at which point

they assume responsibility. As a consequence, it is clear that such training is not available outside the United States and more credence is lent thereto by the petitioner's prior unsuccessful attempts to accord such training abroad. The petitioner has stated that any production by the beneficiary will be more than offset by time spent by employees in the training of the beneficiary and that such production will be incidental to the training of the beneficiary and, therefore, that he will not be replacing a United States worker.

On the basis of the additional information submitted by the petitioner we conclude that a bona fide training situation exists. Therefore, the appeal will be sustained.

**ORDER:** It is ordered that the appeal be sustained and the petition granted.