MATTER OF TREASURE CRAFT OF CALIFORNIA

LOS-N-14623

In Visa Petition Proceedings

*Decided by Regional Commissioner September 7, 1972*

Since the burden of proof to establish eligibility for the benefits sought rests with petitioner, who seeks to accord beneficiaries classification as trainees under section 101(a)(15)(H)(iii) of the Immigration and Nationality Act, as amended, the contention that petitioner need only go on record as stating that training is not available outside the United States is rejected; likewise rejected is the contention that petitioner may rely solely upon his statement "on record" that beneficiaries will not displace U.S. workers, particularly when such statement is contradicted by other evidence of record. Accordingly, the petition is denied for failure of petitioner to submit an adequate training program, for failure to establish why the alleged training could not be obtained in beneficiaries' country, and because productive employment is involved which would displace United States workers.

ON BEHALF OF PETITIONER:   Emanuel Braude, Esquire
356 S. Broadway, Suite 207
Los Angeles, California 90013

This is an appeal from the District Director's decision denying the petition.

The petitioner is engaged in the manufacture of ceramic giftware. This business was established in 1946 and currently employs 225 persons. The petitioner proposes to train the beneficiaries in one of the various phases of pottery manufacturing for 18 months, with wages of $66.00 per week and up, depending on ability shown, for 40 hours per week.

The beneficiaries are all natives and citizens of Mexico, presently unlawfully in the United States. The petitioner's resume of their employment history is as follows:

*Guadalupe Ruiz Martinez*—hired February 23, 1972—has been employed as a kilnman's helper and sometimes as a caster's helper.

*Rafael Salazar Guillen*—hired October 15, 1971—has been employed as a caster's assistant.

*Jesus Murillo Guardado*—hired November 24, 1971—has been employed as a wareman. Duties consist of bringing items to packers to be packaged, and taking packaged items away from packers after packing complete.

*Rosario Martinez Ramirez*—hired December 29, 1971—Employed as a production worker in the conveyor casting section. Fills molds with clay and strips them.

The beneficiaries were interviewed by an officer of this Service on August 8, 1972, at which time it was ascertained that Jesus Murillo-Guardado had been employed by the petitioner previously from April 1969 until June 1971. He stated that he was a foreman at the time of his interview.

Guadalupe Ruiz-Martinez stated that he had also been previously employed by the petitioner for one year in 1969 while the other two beneficiaries stated that they had been employed only as stated by the petitioner.

The petitioner submitted job descriptions of four positions utilized in the pottery making industry which are entitled as follows: Clay Batching, Stain Department, Mold and Die Maker, and Glaze Preparation Handling and Application of Glazes. The petitioner has stated that the beneficiaries will be trained in these jobs, but it is not possible to submit a course outline which reflects training in stages, as the beneficiaries will learn the separate duties when, as and where the opportunity affords. It was added that there would be no academic training as all training is on-the-job training, with productivity estimated at 30% at the beginning of training, rising, hopefully, to 85% towards training's completion.

The petitioner stated that the beneficiaries will become competent in one phase of pottery manufacture, and upon completion, they will be able to perform their job duties in a Mexican pottery factory or in a United States subsidiary pottery factory in Mexico. It was also stated that the Mexican pottery industry, at present, is far behind us with respect to methods, equipment, technology and know-how. The petitioner then alleged that no United States workers will be displaced or replaced, as this is a training program only, which is open to everyone in the United States who is susceptible to training.

In his decision denying the petition, the District Director stated in part as follows:

The record in this case has been carefully considered. Other than self-serving assertions, no evidence has been furnished that would establish that competent training for employment in a pottery factory is unavailable in Mexico. In view of the beneficiaries' employment experience with the petitioner, it appears that the training program as outlined by the petitioner is not properly applicable to the beneficiaries. They have already acquired the basic knowledge and training required for performance in the occupation. Continuous and repetitious training in the basic skills would no doubt make them more proficient, but section 101(a)(15)(H)(iii) contemplates the training of an individual so that he acquires basic skills for adequate performance in the occupation and not to provide him with further day-by-day on-the-job repetitious experience and application of his skills for the sake of higher degree of proficiency.

191

In view of the foregoing, the petitioner has failed to establish the need for beneficiaries to be trained in this country; that the beneficiaries' presence in the United States is sought principally and primarily for the purposes of training, any productive labor being incidental thereto; and that their presence in the United States would not have the effect of displacing or replacing available United States resident labor.

On appeal, counsel argued that the petitioner needs only to state that the proposed training cannot be obtained outside of the United States and that available labor is not a material issue as evidenced by the obvious absence of a labor determination/requirement in connection with the provisions of section 101(a)(15)(H)(iii). He then added that the petitioner has complied with the spirit of the law as he offers a training program to an alien desirous of receiving such training, and that he has "gone on record" as stating no displacement of resident labor will occur and the training is not available outside of the United States.

Counsel argued further that the petitioner has met the requirements of law and the intent of Congress, but the District Director asked for more as evidenced by his decision. He then alleged as follows:

1. *Competent training in this field is not available in Mexico.*

   The petitioner is only required to state "whether such training can be obtained outside the United States". 8 CFR 214.2(h)(2)(iii). This, the petitioner has done (item 10, fourteen reference point attachment). The fact that the petitioner has been in his field since 1946 qualifies him to speak with authority on the quality of the industry and the training available. He certainly is in a better position to so judge and the Service offers no evidence contradicting such statement.

   Congress previously acknowledged U.S. superiority in training (Senate Report, *supra*).

2. *The productivity is incidental in that "on the job training" will necessarily result in some productivity by the very nature of the system of training. The beneficiaries' presence is sought principally and primarily for the purpose of training.*

   Although the beneficiaries have been in the employ of the petitioner, the training program has not been implemented and/or completed. Each beneficiary has maintained a position which has not progressed through the contemplated training. The employment has ascertained an ability and will to learn which provided the petitioner with assurance that the training will be fruitful; his efforts will be well expended. The loss of trainer time lowers the overall productivity. And such productivity will immediately decrease upon implementation of the training.

3. *No displacing or replacing of available labor will occur.*

   As stated before, the Service led Congress to believe that the petitioner's statement "on record" would be sufficient protection for U.S. labor. The petitioner went on record in his petition (item 12 of fourteen reference

point attachment). There will be no change in hiring policies as a result of the trainees' presence or departure. All qualified and willing applicants will be employed notwithstanding the training program.

In summation, the District Director has failed to implement the intent of Congress and places too restrictive an interpretation on the regulations. Even under such restrictive interpretation the petitioner has overcome all objections.

It has been decided that the burden of proof to establish eligibility for the benefits sought rests with the petitioner in visa petition proceedings (*Matter of Brantigan*, 11 I. & N. Dec. 493). Therefore, counsel's argument that the petitioner need only go on record as stating that training is not available outside the United States is rejected in this matter. It is commonly known, and administrative notice is taken of the fact, that Mexico exports pottery of many types and ceramic giftware to the United States in successful competition with United States manufacturers. One need only travel to the Mexican border city of Tijuana to observe the vast quantity and variety of the beautiful and artistically designed ceramic giftware that is manufactured in Mexico as evidence that Mexico has a thriving pottery industry. One can also observe tourists from the United States examining and purchasing this famous Mexican giftware in many other Mexican cities along the United States border. Under these circumstances, it is reasonable and proper to require the petitioner to do more than merely state that the proposed training cannot be obtained outside of the United States.

It has also been decided that the question of productive employment is an issue to be considered in connection with the approval of visa petitions to classify aliens as industrial trainees (*Matter of Kraus Periodicals, Inc.*, 11 I. & N. Dec. 63; *Matter of Sasano*, 11 I. & N. Dec. 363; *Matter of International Transportation Corp.*, 12 I. & N. Dec. 389; *Matter of Bronx Municipal Hospital Center*, 12 I. & N. Dec. 768). In this case, the beneficiaries have been employed by the petitioner for periods of time ranging from more than seven months to over two years, performing purely productive labor. The petitioner now proposes that the beneficiaries be permitted to remain in the United States for an additional 18 months under the thinly veiled allegation that they will now undergo a training program; yet, he has not found it possible to submit a training program which reflects training in planned and logical phases showing the periods of time required for each phase of training. A careful examination of the positions involved reveals that they consist of two to three basic functions and seven to nine major duties, which are clearly and distinctly outlined by the petitioner.

A training program designed principally for the purpose of providing the beneficiaries substantial and meaningful training

193

can reasonably be expected to offer more than learning "the separate duties when, as, and where the opportunity affords". Training in this manner will provide the beneficiaries with little, if any, training which is not incidental to the employment of any worker in a position which involves purely productive labor.

We also reject the argument that the petitioner may rely solely upon his statement "on record" that the beneficiaries will not displace United States workers. In fact, he has qualified that statement on appeal wherein he states: "No displacing or replacing of *available* labor will occur." (Emphasis added.) It is proper to consider all of the facts in a visa petition proceeding of this nature in arriving at a conclusion regarding the issues. The petitioner's statement must be given due consideration; however, this Service is not precluded from rejecting such statement when it is contradicted by other evidence in the record of the matter under consideration.

Section 214(c) provides that a petition to import an alien as a nonimmigrant under section 101(a)(15)(H) shall be in such form and contain such information as the Attorney General shall prescribe. 8 CFR 214.2(h)(4)(ii) provides in pertinent part that a trainee shall not be permitted to engage in productive employment if such employment will displace a United States resident.

It has been stated that there will be productive employment performed by the beneficiaries of this petition. Thus, it must be decided if United States residents would be displaced by such employment.

The fact that there are employable unemployed United States resident workers in Los Angeles County is well known. The petitioner's offer to employ trainees with wages of $1.65 an hour can certainly be expected to reduce the number of United States resident workers desirous of such employment. The job descriptions submitted with the petition reveal that the performance of such work consists primarily of the use of the hands and the manipulation of hand and machine tools in the preparation of liquid clay, pressing clay, mixing and applying stain, and making plaster and other mixes. Employment of this nature further reduces the number of interested workers. On the basis of the petitioner's offered salary and the working conditions of the employment involved, it is concluded that the productive employment which would be performed by the beneficiaries would displace United States resident workers which would be available if offered wages at an acceptable level.

The entire record in this matter has been carefully considered. It is concluded that the District Director properly denied the petition and the statements made on appeal do not warrant

overruling that decision. The petitioner has not met his burden of proof as required to establish that the petition should be approved. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be dismissed.