MATTER OF ST. PIERRE

In Visa Petition Proceedings

DET-N-18298

*Decided by Regional Commissioner June 30, 1982*

(1) The purpose of the beneficiary's internship is to learn survey and laboratory procedures in industrial hygiene. This training will consist primarily of on-the-job training, as the subject matter by its very nature can only be learned in that setting. Since the beneficiary will not receive any payment from the petitioner, and will merely be observing field tests and not actively conducting them, he will not be engaging in productive employment which would displace a resident worker. *Matter of Kraus Periodicals*, 11 I&N Dec. 63 (R.C. 1964). See 8 C.F.R. 214.2(h)(2)(ii).

(2) The beneficiary will not be employed in a position which is in the normal operation of a business and in which citizens and resident aliens are regularly employed. *Matter of Miyaki Travel Agency, Inc.*, 10 I&N Dec. 644 (R.C. 1964).

(3) The beneficiary was granted a paid educational sabbatical by his employer, the University of Windsor. After the one year training program ends, the beneficiary will return to his teaching position at the university. Thus the beneficiary is not being trained for eventual employment in the United States, as was found impermissable in *Matter of Glencoe Press*, 11 I&N Dec. 764 (R.C. 1966).

(4) The field of industrial hygiene has developed in the United States significantly further than it has in other countries as a result of the Federal Occupational Safety and Health Act of 1970. The petitioner has therefore demonstrated that the proposed training is not available abroad as required by *Matter of Treasure Craft of California*, 14 I&N Dec. 190 (R.C. 1972).

ON BEHALF OF PETITIONER: John E. English, Esquire
English & Van Horne, P.C.
4472 City National Bank Bldg.
Detroit, Michigan 48226

This matter is before me on appeal from the District Director's decision of August 3, 1981, denying the petition to classify the beneficiary as a nonimmigrant trainee in accordance with section 101(a)(15)(H)(i) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1101(a)(15)(H)(i). The appeal will be sustained.

The petitioner is an environmental consulting firm established in 1954 and located in Southfield, Michigan. Its business is to help industry and government identify and solve pollution problems. It has 65 employees

and annual sales of $2.5 million. The beneficiary is a 44-year-old native and citizen of Canada. He is a professor of Chemical Engineering at the University of Windsor. He asked for and was granted an educational sabbatical with pay, of one year by his university in order to study industrial hygiene in the United States.

The beneficiary made application to the petitioner in 1980 for a one-year internship to learn survey and laboratory procedures in industrial hygiene such as:

Evaluation of worker exposure to toxic chemicals such was lead, silica, benzene, and other potential cancer-causing chemicals.

Evaluation and control of noise ir the workplace.

Evaluation and control of other physical stresses, such as radiation and heat and cold stress in industrial work environments.

Development of new controls and procedures for minimizing/eliminating workplace hazards.

The petitioner accepted the beneficiary as an intern because of his superior credentials: Ph.D from Northwestern University in Chemical Engineering (1965), engineering consultant and university professor since 1965. The beneficiary wanted to take his training with the petitioner in Southfield, Michigan because it was the only laboratory with facilities to provide industrial hygiene training close to Windsor.

The petitioner had had five intern-trainees in the past and was training one at the time this petition was filed. The beneficiary will not receive any payment from the petitioner. Thus the suggestion of productive employment which would displace a resident worker which was noted in *Matter of Kraus Periodicals*, 11 I&N Dec. 63 (R.C. 1964), is absent. The beneficiary will continue to receive his professor's salary from the University of Windsor. He will return to his employment there at the end of one year's training. Thus the beneficiary is not being trained for eventual employment in the United States which was found impermissible in *Matter of Glencoe Press*, 11 I&N Dec. 764 (R.C. 1966).

Although the beneficiary's training is primarily on-the-job training, no productive labor will be involved because the beneficiary will be merely observing, not conducting field tests. The petitioner states that:

Industrial hygiene, by its very nature, can only be learned in the work setting. It involves chemicals, noise, dust, gas and vapor measurement and testing done at the work site. Laboratory and office procedures involve research and evaluation of field tests and procedures. Thus it can only be learned by going into the field with trained professionally qualified regular company personnel.

However, the beneficiary will not be displacing a resident worker by his participation in this training program as required by *Matter of Treasure Craft of California*, 14 I&N Dec. 190 (R.C. 1972). The petitioner states that the beneficiary:

. . . will "tag along" on most field testing . . . he will perform little or no actual testing as most of the test procedures are performed under strict governmental reporting and sign-off requirements . . . . Obviously, the company could not jeopardize the credibility

of its report by having [the beneficiary, an intern] do such work. The field work he would do is thus, in fact, extra or make-work work for his use and benefit only. He would be the third man on a normal two man crew which would only need two men.

Thus the beneficiary will not, as required by *Matter of Miyaki Travel Agency, Inc.*, 10 I&N Dec. 644 (R.C. 1964), "be employed in a position which is in the normal operation of a business and in which citizens and resident aliens are regularly employed" (id. at 645).

I am satisfied that training in Industrial Hygiene is not available abroad as required by *Matter of Treasure Craft of California, supra.* The petitioner states that:

Industrial hygiene in the United states is the outgrowth of procedures and technology developed under the standards and specificiations of Federal Occupational Safety and Health Act of 1970 and the various statutes and regulations enacted in implementation thereof. The United States procedures and technology are vastly different than any other country . . . . There is in fact no similar or even related training in Canada.

I find that all the requirements of 8 C.F.R. 214.2(h)(2)(i) (1981) and the precedent decisions relating to the H-3 classification have been met. The petitioner has specifically described a training program which will prepare the beneficary to return to his position as Professor of Chemical Engineering with a sub-specialty in environmental engineering — a field just developing in Canada. The petitioner has demonstrated that this training is not available in Canada and must be taken here. The petitioner has established that the beneficiary will not be engaged in productive employment that might displace a resident worker [see 8 C.F.R. 214.2(h)(2) (ii)(1981)].

Therefore, I conclude that this training program is a suitable one by which a beneficiary may be classified as a nonimmigrant trainee under section 101(a)(15)(H)(i) of the Act.

**ORDER:** The appeal is sustained and the petition is approved.